UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GARBER BROS., INC.,
    Plaintiff,

v.

LOUIS TROILO AND HAROLD LEVINSON
ASSOCIATES, LLC,
    Defendants.

C.A. NO. 15-CV-10148-IT

## DEFENDANTS' MOTION TO DISMISS OR TO TRANSFER

Defendants Louis Troilo and Harold Levinson Associates, LLC ("H.L.A.") move pursuant to Fed. R. Civ. P. 12 (b)(3) and 28 U.S.C. § 1406(a) to dismiss this case for improper venue. Mr. Troilo is a former employee of the Plaintiff Garber Bros., Inc. ("Garber"). Garber alleges that Mr. Troilo breached an employment and noncompetition agreement, misappropriated trade secrets and has brought other related allegations arising out of Mr. Troilo's alleged solicitation of Garber's customers for the benefit of his current employer, HLA. Garber's Amended Complaint must be dismissed for improper venue because virtually all of the events giving rise to the Plaintiff's claims arose in New Jersey, where Mr. Troilo lives and works and where all of the customers whom he is alleged to have solicited are located. Accordingly, Plaintiff cannot show that a <u>substantial</u> part of the events or omissions giving rise to the claims occurred in the District of Massachusetts, as required under 28 U.S.C. § 1391(b)(2),[1] and the case must be dismissed.

---

[1] The requirements for proper venue under 28 U.S.C. §§ 1391(b)(1) and (3) are not met in this case.

Alternatively, if the Court determines that it is in the interests of justice, the case should be transferred to the District of New Jersey pursuant to 28 U.S.C. §§ 1406(a) and/or 1404(a).  Because virtually all of the events giving rise to Garber's claims occurred in New Jersey, New Jersey is a "District in which [the case] could have been brought."  28 U.S.C. § 1406(a).  Further, it will be far more convenient for the parties and witnesses to proceed with this case in the District of New Jersey, where the locus of events occurred, where the witnesses all live and work and where the relevant documentary evidence is located.  The third-party witnesses likely to be called in this case also reside outside of the subpoena power of this District, which will make it difficult for counsel to properly prepare this case and will cause the parties to incur significant extra costs in travelling to New Jersey to take out-of-state depositions.  For those reasons, a transfer to the District of New Jersey will serve the purposes of § 1404(a), "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  Nat'l Union Fire Ins. Co. v. Mead Johnson & Co., No. 11-10042-NMG, 2011 U.S. Dist. LEXIS 142056, at *22 (D. Mass. Oct. 5, 2011).

In further support of this Motion, the Defendants rely on their Memorandum of Law, the Affidavit of Louis Troilo and the Affidavit of Christina Stoneburner, all filed herewith.

WHEREFORE, the Defendants request that the Court allow their Motion to Dismiss or Transfer and dismiss this case pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a) or transfer the case to the District of New Jersey pursuant to 28 U.S.C. §§ 1406(a) and/or 1404(a).

LOUIS TROILO and HAROLD
LEVINSON ASSOCIATES, LLC

By their attorneys,

/s/ Barry J. Waters
Barry J. Waters, BBO #645595
bwaters@murthalaw.com
Murtha Cullina LLP
City Place 1
185 Asylum Street
Hartford, CT 06103
Telephone 860.240.6000

James F. Radke, BBO #667299
jradke@murthalaw.com
Murtha Cullina LLP
99 High Street
Boston, MA 02110-2320
Telephone: 617.457.4000
Facsimile: 617.482.3868

Dated: February 13, 2015

# CERTIFICATE OF SERVICE

I, Barry J. Waters, do hereby certify that on February 13, 2015, I filed this document through the ECF system which will send the document electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Barry J. Waters
Barry J. Waters